IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sharron Blasky Jarrell, ) | C/A No. 0:10-1613-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden of Camille G. Griffin Correctional Institution, ) ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Sharron Blasky Jarrell ("Jarrell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the respondent's motion. (ECF No. 24.) Jarrell filed a response in opposition to the respondent's motion. (ECF Nos. 31 & 33.) Having carefully considered the parties' submissions and the record in this case, the court finds that Jarrell's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Jarrell was indicted in September 1998 in York County for homicide by child abuse (98-GS-46-2618) and accessory after the fact of murder (98-GS-46-2619). (ECF Nos. 23-10 & 23-11.) Jarrell was subsequently indicted in October 1998 for accessory before the fact of murder (98-GS-46-2840) and in November 1999 for three counts of unlawful conduct towards a child (99-GS-46-3349,

-3351, -3352).[1] (ECF Nos. 23-12, 23-13, 23-14, & 23-15.) Jarrell was represented by James Boyd, Esquire, and on November 15-19, 1999 was tried by a jury and found guilty as charged. The circuit court sentenced Jarrell to life imprisonment for homicide by child abuse, fifteen years' imprisonment for accessory after the fact of murder, and life imprisonment for accessory before the fact of murder, all sentences to be served concurrently. Additionally, the circuit court sentenced Jarrell to ten years' imprisonment for each count of unlawful conduct towards a child, each to be served concurrently to one another but consecutively to the previous charges. (App. at 826-27, ECF No. 23-9 at 18-19.)

Jarrell timely appealed and continued to be represented by James Boyd, Esquire. On May 13, 2002, the South Carolina Court of Appeals affirmed Jarrell's conviction and sentence. (State v. Jarrell, 564 S.E.2d 362 (Ct. App. 2002); ECF No. 23-18.) Jarrell filed a petition for rehearing, which was denied on June 19, 2002. (ECF No. 23-19.) On July 15, 2002, Jarrell filed a petition for a writ of certiorari in the South Carolina Supreme Court. (ECF No. 23-20.) By letter order dated May 14, 2003, the South Carolina Supreme Court denied certiorari. (ECF No. 23-22.) The remittitur was issued on June 26, 2003. (ECF No. 23-23.)

On January 29, 2004, after the conclusion of her direct appeal, Jarrell filed a motion for a new trial alleging that she had discovered new evidence. (App. at 899-900, ECF No. 23-9 at 90-91.) The court held an evidentiary hearing on May 26, 2006, at which Jarrell was present and continued to be represented by James Boyd, Esquire. (App. at 831-98, ECF No. 23-9 at 22-89.) By order dated June 9, 2006, the court denied Jarrell's motion for a new trial. (App. at 901-, ECF No. 23-9 at 92-97.)

---

[1] It appears that Jarrell may have been indicted on at least one other charge as well; however, these indictments are not contained in the record and they do not appear to be at issue in this matter.

Jarrell timely appealed and was represented by Katherine H. Hudgins, Esquire from the South Carolina Commission on Indigent Defense, who filed an Anders[2] brief on Jarrell's behalf. (ECF No. 23-24.) On February 10, 2009, the South Carolina Court of Appeals issued an order dismissing Jarrell's appeal. (State v. Jarrell, Op. No. 09-UP-74 (Ct. App. 2009); ECF No. 23-25.) The remittitur was issued on February 26, 2009. (ECF No. 23-26.)

Jarrell filed a *pro se* application for post-conviction relief ("PCR") on May 4, 2009. (Jarrell v. State of South Carolina, 09-CP-46-1985, ECF No.23-27.) On November 25, 2009, the PCR court issued a conditional order of dismissal in which it stated its intent to dismiss Jarrell's PCR application because it was untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 23-30.) A final order of dismissal was filed on February 1, 2010. (ECF No. 23-31.) Jarrell filed the instant Petition for a writ of habeas corpus on June 17, 2010. (ECF No. 1.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Jarrell's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Jarrell filed a direct appeal with the South Carolina Supreme Court, her conviction became final ninety days after May 14, 2003, the date the South Carolina Supreme Court dismissed the appeal.[3] Thus, her conviction became final on August 12, 2003. Accordingly, the limitations period began to run on August 13, 2003 and expired on August 12, 2004, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Jarrell filed a motion for a new trial based on newly discovered evidence on January 29, 2004. At that point, 170 days of non-tolled time had accrued since the period of limitations began to run. This action was arguably "a properly filed application for . . . other collateral review." 28 U.S.C. § 2244(d)(2); see also Wall v. Kholi, __ S. Ct. __, 2011 WL 767700, * 2 (Mar. 7, 2011) ("We

---

[3] Because Jarrell sought certiorari from the South Carolina Supreme Court, she is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). Further, the time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. R. 13.3.

hold that the phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review."). Accordingly, calculating the deadline in the manner most favorable to Jarrell, the period of limitations was tolled during the pendency of this action until February 26, 2009, when the South Carolina Court of Appeals issued the remittitur from its order dismissing Jarrell's appeal. At this time, Jarrell had 195 days of statutory time remaining, which means that Jarrell had until September 9, 2009 to file a timely federal habeas corpus petition.

Jarrell filed a PCR application on May 4, 2009; however, this application did not toll the statute of limitations because it was not "properly filed" within the meaning of § 2244(d). See 28 U.S.C. § 2244(d); Pace v. DiGugliemlo, 544 U.S. 408, 410 (2005) (finding that a petitioner's petition for writ of habeas corpus was not properly filed within the meaning of § 2254 because the petitioner's state post-conviction petition was dismissed by a state court as untimely). Therefore, Jarrell's statutory deadline expired on September 9, 2009. Jarrell's federal Petition was filed on June 17, 2010[4]—well after the expiration of the statute of limitations.

Additionally, even assuming that the newly discovered evidence that Jarrell relied upon in her motion for a new trial would qualify Jarrell for delaying the commencement of the limitations period pursuant to § 2244(d)(1)(D), Jarrell's federal Petition would still be untimely. As stated above, Jarrell's federal Petition was filed on June 17, 2010, which was well over a year after the February 26, 2009 remittitur issued by the South Carolina Court of Appeals from Jarrell's appeal of this issue. Further, as stated above, Jarrell's May 4, 2009 PCR application was not properly filed and thus did not toll Jarrell's federal habeas deadline. Accordingly, even interpreting the limitations period in the light most favorable to Jarrell, her federal habeas Petition was not timely filed.

---

[4] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

Finally, upon thorough review of the filings in this matter, the court finds that Jarrell has failed to demonstrate that she would be entitled to equitable tolling of the limitations period. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (indicating that equitable tolling is available only in "rare instances"and to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). Jarrell has identified no circumstances warranting equitable tolling under this standard.

## RECOMMENDATION

Based upon the foregoing, the court finds that Jarrell's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 22) be granted. In light of the above recommendation, the court further recommends that Jarrell's motion for discovery (ECF No. 16) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).