IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sharron Blasky Jarrell, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:10-cv-01613-JMC |
| | ) | |
| v. | ) | **AMENDED ORDER** |
| | ) | |
| Warden of Camille G. Griffin Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon the Magistrate Judge's Report and Recommendation [Doc. 39], filed on March 7, 2011, recommending that Respondent Warden of Camille G. Griffin Correctional Institution's ("Respondent") Motion for Summary Judgment [Doc. 22] be granted and that Petitioner Sharron Blasky Jarrell's ("Jarrell") case be dismissed. Jarrell, a *pro se* state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge determined that Jarrell's petition was untimely. The Magistrate Judge further recommends that Jarrell's Motion for Discovery [Doc. 16] be denied.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those

1

portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This court incorporates by reference the Magistrate Judge's recitation of the procedural history and facts of this case. [Doc. 39, at 1-3].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Jarrell timely filed objections. [Doc. 41]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Jarrell's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate her claims. However, the court was able to discern one specific objection to the Magistrate Judge's Report and Recommendation. Jarrell objects to the Magistrate Judge's calculation of the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Jarrell argues that the statutory period for filing her petition did not begin until the state court's disposition of her post-conviction relief petition. After reviewing the Magistrate Judge's Report and Recommendation, this court agrees

with the Magistrate Judge's conclusions regarding the untimeliness of Jarrell's petition. Therefore, the court finds Jarrell's objections without merit.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Accordingly, Respondent Warden of Camille G. Griffin Correctional Institution's Motion for Summary Judgment [Doc. 22] is **GRANTED** and Sharron Blasky Jarrell's petition is dismissed with prejudice. The court further **DENIES** Sharron Blasky Jarrell's Motion for Discovery [Doc. 16] as moot.

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

April 20, 2011
Greenville, South Carolina